107 F.3d 866
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Tommy M. GREENE; Joyce M. Lynch; Wallace P. Clax; Paula
D. White; Anthony Yelverton; Gregory Cherry;
Ronald Johnson, Plaintiffs-Appellants,
v.
BURLINGTON INDUSTRIES, INC., Defendant-Appellee.
 No. 96-1553.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 30, 1997.
Decided Feb. 26, 1997.
 
 Randy Meares, BYRD & MEARES, Raleigh, NC, for Appellants.
 Max Daniel McGinn, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Greensboro, NC, for Appellee.
 ON BRIEF: Jennifer K. Van Zant, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Greensboro, NC, for Appellee.
 Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 Seven employees sued Burlington Industries, Inc. under 42 U.S.C. § 1981, alleging racial discrimination in the promotion and salaries of employees at its Wake County, North Carolina, textile plant. Burlington Industries filed a motion for summary judgment, maintaining that all promotions at the plant were based on employee qualifications and that the plaintiffs, in particular, were not more aggressively promoted because of comparative merit criteria. Burlington Industries also introduced a study of the statistical rates of its promotions showing no statistical discrepancy in the promotion rates among the races. Finding that the plaintiffs failed to provide any evidence that Burlington Industries' articulated reasons for promotions were pretextual, the district court entered summary judgment in favor of Burlington Industries.
 
 
 2
 On appeal, the appellants submitted a two-page argument stating that they disagree with the district court and concluding summarily that "the record is replete with evidence supporting appellants' position that appellee consistently and frequently practiced discrimination in hiring and promotion." We have reviewed the record carefully, however, and cannot find that evidence. Accordingly, for the reasons given by the district court in its thorough opinion, see Greene, et al. v. Burlington Industries, Inc., No. 5:95-CV-42-H2 (E.D.N.C., March 21, 1996), we affirm.
 
 AFFIRMED